NOT DESIGNATED FOR PUBLICATION

No. 121,793

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID ALAN KEWISH II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kingman District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed September 24, 2021. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GARDNER and CLINE, JJ.

PER CURIAM: David Alan Kewish II pled no contest to 3 out of 10 charged counts of sexual exploitation of a child. The district court imposed lifetime postrelease supervision, lifetime registration under the Kansas Offender Registration Act, and a presumptive prison sentence under the Kansas Sentencing Guidelines Act. Kewish appeals each of these aspects of his sentence, arguing (1) the court violated *Apprendi* by engaging in judicial fact-finding to determine his age and impose lifetime postrelease supervision, (2) the court improperly ordered him to register as a sex offender under KORA for the rest of his life, and (3) the court violated his right to a jury trial under

1

section 5 of the Kansas Constitution Bill of Rights by making judicial findings of Kewish's prior convictions to establish his sentence. We find no error and affirm.

FACTS

The State charged Kewish with 10 counts of sexual exploitation of a child in violation of K.S.A. 2018 Supp. 21-5510(a)(2), a severity level 5 person felony. Each count involved possession of child pornography in August 2018. Kewish signed an acknowledgment of plea bargain and rights and entry of plea (plea agreement). He pled no contest to counts 1, 2, and 3 of the complaint and acknowledged that by pleading no contest, he understood he was waiving certain legal rights, including his right to a jury trial. The plea agreement included Kewish's current age, specified the pleas required lifetime registration under KORA, and noted Kewish had received notice of registration duties. The plea agreement did not discuss postrelease supervision, but it provided:

> "I further understand from my discussions with my attorney, and have been advised by the Court, that this Court may impose against me any or all of the maximum penalties . . . and may take whatever other action the Court may deem appropriate and permitted by law to ensure the public safety if I choose to enter pleas of . . . 'no contest' . . . pursuant to the plea bargain."

A few days after Kewish signed the plea agreement, the district court held a hearing, Kewish waived his right to both a preliminary hearing and a formal arraignment, and asked to move straight to the plea and then schedule sentencing. The judge asked Kewish if he understood the charges against him and possible penalties. Kewish said he did. The judge then discussed Kewish's right to a jury trial with him, stating, "If you plead no contest, you'll be giving up your right to trial. The State is not going to have to present any evidence. There's not going to be a jury and I'm going to find you guilty based upon your no contest plea." Kewish said he understood. The court also told Kewish KORA required lifetime registration for the counts to which he pled.

2

Kewish pled no contest to counts 1, 2, and 3, as set forth in the complaint. The district court found Kewish guilty of these three counts and dismissed the remaining counts. The judge then asked Kewish if he had reviewed the notice of duty to register and if the personal information set forth in it was accurate. Kewish said he had and confirmed the accuracy of the personal information. Kewish signed the notice of duty to register in front of the court, which listed his date of birth. The court ordered a presentence investigation (PSI) report and set the matter for sentencing.

Before the sentencing hearing, Kewish filed a motion for dispositional departure, asking the district court to place him on probation. Kewish noted that K.S.A. 2018 Supp. 21-6815(c)(1) permits the court to consider mitigating factors to determine whether substantial or compelling reasons for departure exist and then requested such a departure based on a forensic psychological evaluation which reported he had a low risk of reoffending. This evaluation listed Kewish's age and his date of birth.

At the sentencing hearing, the district court found Kewish's criminal history score was E for his primary offense and I for the other two offenses, based on the PSI report. The PSI report also listed Kewish's age and date of birth and noted both offender registration and lifetime postrelease supervision under K.S.A. 2018 Supp. 22-3717(d)(1)(G)(i) were required for each offense. Both parties confirmed no disagreement with the court's findings based on the PSI report.

The district court denied Kewish's dispositional departure request, imposed sentences for each of the three counts, and ordered the sentences to run concurrently for a controlling sentence of 46 months. The court noted all three offenses carried lifetime postrelease supervision, which it ordered. The court also notified Kewish of his duty to register under KORA, due to the nature of his convictions.

ANALYSIS

Kewish raises new legal challenges to the district court's imposition of lifetime postrelease supervision and lifetime KORA registration, as well as the court's determination of his criminal history for purpose of enhancing his sentence. Generally, issues not raised before the district court cannot be raised for the first time on appeal. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Even so, we have recognized limited exceptions to this general rule. Kewish argues two of these exceptions apply here: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case and (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. See 309 Kan. at 995. While Kewish is correct that all his challenges involve purely questions of law on proved or admitted facts, none of them are finally determinative of the case. Thus, the first exception does not apply. That said, since each of his challenges involves the denial of a fundamental right, we will exercise our discretion to consider Kewish's arguments under this exception.

*The district court did not violate* Apprendi *when it imposed lifetime postrelease supervision based on Kewish's age.*

Before we address the merits of Kewish's argument, we must address a jurisdictional challenge raised by the State. The State argues the plea agreement deprives this court of jurisdiction because K.S.A. 2018 Supp. 21-6820(c)(2) does not allow us to review a sentence resulting from an agreement between the State and the defendant. Kewish correctly responds by noting he did not agree to lifetime postrelease supervision in his plea agreement. Since the plea agreement did not discuss the postrelease supervision portion of his sentence, K.S.A. 2018 Supp. 21-6820(c)(2) does not apply. The State also incorrectly argues we lack jurisdiction under K.S.A. 2018 Supp. 22-3602(a), but that statute also does not apply, as section (f) provides that K.S.A. 21-6820 governs

4

this appeal. See K.S.A. 2018 Supp. 22-3602(f) (appeal relating to sentence imposed under revised KSGA governed by K.S.A. 21-6820).

Now, as to the merits of Kewish's argument, we note he was sentenced under K.S.A. 2018 Supp. 22-3717. The subsections relevant to Kewish's argument include:

> "(d)(1) Persons sentenced to crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to paragraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:
>
> . . . .
>
> "(B) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 5 and 6 crimes . . . must serve 24 months on postrelease supervision.
>
> . . . .
>
> "(G)(i) Except as provided in subsection (u), persons sentenced to imprisonment for a sexually violent crime committed on or after July 1, 2006, when the offender was 18 years of age or older, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life."
>
> (ii) Persons sentenced to imprisonment for a sexually violent crime committed on or after the effective date of this act, when the offender was under 18 years of age, and who are released from prison, shall be released to a mandatory period of postrelease supervision for 60 months, plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2018 Supp. 21-6821, and amendments thereto." K.S.A. 2018 Supp. 22-3717(d)(1)(B), (G)(i)-(ii).

Since the district court found Kewish is over 18 years old, it imposed lifetime postrelease supervision as mandated by K.S.A. 2018 Supp. 22-3717(d)(1)(G)(i).

Kewish argues the district court engaged in improper judicial fact-finding to enhance his sentence, which he claims violated *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Apprendi* provides that "[o]ther than the

5

fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Kewish contends the default postrelease supervision term for a severity level 5 offense such as his is 24 months under K.S.A. 2018 Supp. 22-3717(d)(1)(B). He asserts the district court violated *Apprendi* by making the factual finding that he was at least 18 years old, because the court used this finding to increase his postrelease supervision from 24 months to lifetime postrelease supervision under K.S.A. 2018 Supp. 22-3717(d)(1)(G)(i). Kewish argues the court had to submit the question of his age to a jury because he did not waive his *Apprendi* right to have a jury determine his age.

Whether a district court violated a defendant's constitutional rights as described under *Apprendi* at sentencing raises a question of law subject to unlimited review. *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017). To the extent that the analysis requires interpretation of K.S.A. 2018 Supp. 22-3717, the interpretation of a statute is a question of law over which we have unlimited review. See *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

A panel of this court has dispatched the same challenge Kewish raises several times. See *State v. Schmeal*, No. 121,221, 2020 WL 3885631, at *8-9 (Kan. App.) (unpublished opinion), *rev. denied* 312 Kan. 900 (2020); see *State v. Haynes*, No. 120,533, 2020 WL 741458, at *2-3 (Kan. App.) (unpublished opinion), *rev. denied* 312 Kan. 896 (2020); *State v. Zapata*, No. 120,529, 2020 WL 741486, at *8-9 (Kan. App.), *rev. denied* 312 Kan. 901 (2020); see *State v. Cook*, No. 119,715, 2019 WL 3756188, at *1-3 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. 895 (2020). Each rejection relied on the same reasoning, first announced in *Cook*:

"[The defendant] ignores some fundamental points of law. The '"statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely*

*on the basis of the facts reflected in the jury verdict or admitted by the defendant.' Blakely*
*v. Washington, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Then, in*
*United States v. Booker, 543 U.S. 220 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the*
*United States Supreme Court recognized an exception to the Apprendi rule when the*
*defendant admits a fact. 543 U.S. at 244. We have admissions by [the defendant] that*
*lead us to conclude that there is no Apprendi violation here." Cook, 2019 WL 3756188, at*
*\*2.*

Kewish spends considerable time in his brief arguing the importance of establishing the offender's age before imposing lifetime postrelease supervision. That is beside the point. What he fails to appreciate is his age was established because he admitted it. Other panels of this court have found the following equated to a defendant's admission of his age, causing no *Apprendi* violation: admitting their age in their no contest plea agreement, confirming their age at the plea hearing, and admitting their age to a therapist for a forensic interview and that age being reflected in the therapist's corresponding report. See *Schmeal*, 2020 WL 3885631, at \*9; see *Haynes*, 2020 WL 741458, at \*3; see *Cook*, 2019 WL 3756188, at \*2. Kewish made all the same admissions: He admitted his age in his no contest plea, he confirmed the accuracy of the personal information (which included his age) in his notice to register, and the forensic report he submitted to the district court as part of his motion for a dispositional departure included both his current age and date of birth. So, just like in the cases referenced above, the district court did not violate *Apprendi*.

*The district court did not err in ordering lifetime registration under KORA.*

The district court sentenced Kewish to lifetime KORA registration under K.S.A. 2018 Supp. 22-4906(d)(7) because he was convicted of sexual exploitation of a child victim less than 14 years old. Kewish argues the court erred in ordering lifetime registration under KORA for two reasons: (1) neither the no contest plea nor the factual basis the court relied on established that any of the individuals in the images and video he

possessed were less than 14 years old, as required for lifetime offender registration and (2) the date for determining the victim's age must be the date that the offenses took place (August 2018) rather than the date the images and video were captured. We have jurisdiction to consider a direct appeal by a defendant who pled no contest and challenges the district court's order to register under KORA. See *State v. Marinelli*, 307 Kan. 768, 788, 415 P.3d 405 (2018).

In *Marinelli*, in which the defendant also pled no contest, the Kansas Supreme Court asked these questions to determine whether the defendant was subject to the provision the district court imposed registration under: (1) whether the district court made the necessary factual finding and (2) whether the record supported the district court's finding. The court found that the district court made the necessary factual finding by checking a box in the journal entry labeled "Yes" next to the question asking whether the offender committed the crime with a deadly weapon. 307 Kan. at 788-89. The court also found that the record supported that finding because the charge specified the deadly weapon that was used in committing the crime was a knife, the State explained that during the plea hearing, and the defense agreed with the State's explanation of the facts. The court emphasized that it was not looking to whether the fact was an element of the convicted crime, but whether the uncontroverted record showed that the district court's finding was supported. 307 Kan. at 789.

As in *Marinelli*, the district court here made the necessary factual finding in the journal entry by marking the box "Sexual Exploitation of a Child—K.S.A. 21-5510, <u>if the victim is less than 14 years of age</u>" as the reason Kewish is subject to lifetime registration. See 307 Kan. at 788-89. The record also supported the district court's findings. Despite Kewish's arguments that neither the plea nor the State's factual basis provided the victim's age, the *Marinelli* court focused on whether the record was uncontroverted and showed that the district court's finding was supported. Relevant here, the *Marinelli* court also considered the charge. 307 Kan. at 789.

8

Kewish pled no contest to the charges "set forth" in counts 1, 2, and 3 of the complaint. The complaint specified the images and videos on which each count was based, and the supporting affidavit described the images and videos by noting the age of each victim depicted—all of which were under 14 years old. When setting forth the factual basis for the charges, the State cited each image or video listed in those counts. The PSI report also listed the victims' ages in counts 1, 2, and 3, respectively, as under 3 years old, under 13 years old, and under 13 years old. At the sentencing hearing, Kewish's counsel said she had reviewed the PSI report, but neither she nor Kewish disputed that these were the ages of the children depicted.

Nor was the district court's imposition of lifetime KORA registration a surprise to Kewish. In *Marinelli*, the plea agreement did not mention KORA registration and the district court did not address KORA registration when accepting Marinelli's plea. Kewish's plea agreement specifically noted his pleas require lifetime registration. And when summarizing the plea agreement, the district court reminded Kewish that his pleas required lifetime registration and confirmed the court's summary of the agreement reflected Kewish's understanding. In sum, the record was uncontroverted and supports the district court's finding that the victims were less than 14 years old, thus justifying lifetime KORA registration.

Kewish's second argument relies on the language in K.S.A. 2018 Supp. 22-4906(d)(7), which mandates lifetime registration for any offender convicted of sexual exploitation of a child "if the victim is less than 14 years of age." According to Kewish, this means the victim had to be less than 14 years old when Kewish committed the offense. He claims no evidence showed that the victims in the images were less than 14 years old in August 2018 when he possessed the images.

Another panel of this court has already rebuffed the same argument Kewish makes. See *Haynes*, 2020 WL 741458, at *3-4. *Haynes* interpreted K.S.A. 2017 Supp.

9

22-4906(d)(7) in relation to the same crime charged here, sexual exploitation of a child in violation of K.S.A. 2017 Supp. 21-5510(a)(2). That panel found no error in the district court using the victims' ages on the date the images were created rather than on the date Haynes possessed the images. The court found no legal support for Haynes' argument, his interpretation was unreasonable, and determining the victim's age at the time of the offense would be impossible to administer. 2020 WL 741458, at *4. In finding Hayne's interpretation unreasonable, the court explained:

> "Both of the KORA provisions cited above specifically refer to K.S.A. 2017 Supp. 21-5510, which, relevant here, defines sexual exploitation of a child as 'possessing any visual depiction of a child under 18 years of age shown or heard engaging in sexually explicit conduct with intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender or any other person.' K.S.A. 2017 Supp. 21-5510(a)(2). Implicit within the definition of the crime is that the victim is the *child* who is visually depicted at the time the depiction is created. Possessing the depiction *of a child* engaged in sexually explicit conduct is the criminal act. Adopting Haynes' position and using the age of the victim on the date the offender is charged with possession necessarily begs the question of whether a crime is even committed under K.S.A. 2017 Supp. 21-5510, which sets forth the elements of sexual exploitation of a *child*, when there is no child victim. This is an absurd result. To the contrary, the fact that the child victim who is shown in the visual depiction possessed by the offender reached the age of majority at the time of the offense is a fact completely immaterial to proving the elements of the underlying crime and, in turn, completely immaterial to deciding the age of the child victim for purposes of imposing the applicable period of offender registration." 2020 WL 741458, at *4.

The only authority Kewish offers as support for his argument is *Farris v. McCune*, 259 Kan. 181, 911 P.2d 177 (1996). But *Farris* does not discuss KORA at all, much less K.S.A. 22-4906(d)(7). *Haynes*, which specifically interprets this subsection of KORA in relation to the same crime Kewish committed here, while not controlling, is far more persuasive. Kewish did not possess images or videos of the child victims at their current

10

ages in August 2018; he possessed images and a video of them as children under the age of 14.

We reject Kewish's arguments for the reasons stated in *Haynes* and find the district court did not err in using the victims' ages on the date the images and video were captured rather than on the date Kewish committed the offenses.

*The KSGA does not violate Kewish's right to a jury trial under section 5 of the Kansas Constitution Bill of Rights.*

Kewish argues the KSGA violates his right to a jury trial under section 5 of the Kansas Constitution Bill of Rights because it allows the court to make findings of a defendant's criminal history for imposing a sentence. As noted above, we consider this argument under the third exception to the general rule that issues cannot be newly raised on appeal, which allows consideration to prevent denial of a fundamental right. *Johnson*, 309 Kan. at 995.

While the State argues we cannot consider his argument since he waived his right to a jury trial in his plea agreement, it offers no authority to support its contention. On the contrary, the Kansas Supreme Court has addressed a jury trial waiver issue for the first time on appeal relying on the third exception. See *State v. Rizo*, 304 Kan. 974, 978-79, 377 P.3d 419 (2016). The State also argues we lack jurisdiction to consider this claim because K.S.A. 2020 Supp. 21-6820(c)(1) provides that an appellate court shall not review an appeal of a sentence for a felony conviction of a presumptive sentence in the KSGA. But there is an exception to this jurisdictional bar for cases in which the defendant is challenging the constitutionality of the statutory sentencing scheme rather than the defendant's individual sentence. *State v. Albano*, 313 Kan. 638, 640, 487 P.3d 750 (2021). Because Kewish is challenging the constitutionality of KSGA, jurisdiction is proper.

Kewish asserts that Kansas juries at common law had to find any fact that increased the penalty for a crime beyond a reasonable doubt. He claims this means the KSGA, which allows the district court to make judicial findings of criminal history for sentencing purposes, is unconstitutional because it violates section 5 of the Kansas Constitution Bill of Rights. The State points to *State v. Albano*, 58 Kan. App. 2d 117, Syl. ¶ 4, 464 P.3d 332 (2020), which rejected the same argument Kewish makes. Kewish argues the Court of Appeals wrongly decided this issue, but, after submission of the briefs, the Kansas Supreme Court affirmed the Court of Appeals decision. See *Albano*, 313 Kan. at 656-57.

Section 5, which mandates that "the right of trial by jury shall be inviolate," preserves the jury trial right as it historically existed at common law when the Kansas Constitution was created. *State v. Love*, 305 Kan. 716, 734, 387 P.3d 820 (2017). Generally, juries in Kansas decide the defendant's guilt, and the sentencing court determines the defendant's punishment. Under the KSGA, when prior convictions are considered in determining punishment, the issue is within the power and authority of the district court. *Albano*, 313 Kan. at 657.

Albano made very similar arguments to the ones Kewish makes here. He argued that Kansas common law used to require the State to prove to the jury any penalty-increasing facts, beyond a reasonable doubt. Like Kewish, Albano also argued that Justice Clarence Thomas' concurrence in *Apprendi v. New Jersey*, 530 U.S. 466, 499, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), citing foreign state court decisions in the early 1800s, supports broadening the rule to include sentence-enhancing prior convictions. *Albano*, 313 Kan. at 651-52.

The *Albano* court rejected Albano's reliance on Justice Thomas' concurrence and held the foreign state court decisions he referenced do not reflect Kansas common law. The *Albano* court examined Kansas common law, noting that, in Kansas, juries have

traditionally determined guilt while the sentencing court determined sentence. *Albano* held that section 5 of the Kansas Constitution Bill of Rights does not guarantee the right to have a jury determine the existence of sentence-enhancing prior convictions under the KSGA. *Albano*, 313 Kan. at 656-57.

Because determining criminal history to impose sentence falls within the exclusive power of the district court, the KSGA's method of determining criminal history does not implicate a defendant's right to trial by jury under section 5. *Albano*, 313 Kan. at 651. ("In turn, *Love* instructs that these well-established, traditional functions of the jury also define the scope of the jury trial right in Kansas, and legislative action that does not impair a traditional function of the jury does not violate section 5.").

Given that we see no indication of impending departure from *Albano*'s holding, we will follow the Kansas Supreme Court's lead and reject Kewish's arguments on the same basis. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (noting Kansas Court of Appeals is duty bound to follow Kansas Supreme Court precedent unless some indication court is departing from previous position).

Affirmed.